PHILLIP A. TALBERT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLARENCE COURTNEY AND MICHAEL RENAY WILLIAMS,<br><br>Defendants. | CASE NO. 2:20-CR-00241-TLN<br><br>STIPULATION TO SET STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: March 10, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

1.   By previous order, this matter was set for a status on March 10, 2022, in front of Judge Morrison C. England. On its own motion, the Court vacated the status and reassigned the case to Judge Troy L. Nunley.

2.   By this stipulation, defendants now move to set the status in front of Judge Nunley on June 2, 2022, and to exclude time between March 10, 202, and June 2, 2022, under Local Code T4.

3.   The parties agree and stipulate, and request that the Court find the following:

   a)   The government has represented that the discovery associated with this case includes multiple reports and photographs. The discovery has been either produced directly to counsel and/or made available for inspection and copying.

///

b)  Michael Long, counsel for Clarence Courtney, was recently appointed and recently obtained discovery.

c)  Counsel for defendants desire additional time to review the evidence, conduct independent factual investigation, conduct legal research into sentencing issues, and discuss trial strategy and resolution options with their clients.  Additionally, counsel for Clarence Courtney has indicated that Mr. Courtney will be seeking new counsel, who will then need time to review the evidence and prepare for trial.  Finally, the recent COVID-19 surge has impacted defense counsel's ability to meet with their clients and prepare for trial, requiring additional time.

d)  Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)  The government does not object to the continuance.

f)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 10, 2022 to June 2, 2022 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[CONTINUED ON NEXT PAGE]**

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 7, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ CAMERON L. DESMOND
CAMERON L. DESMOND
Assistant United States Attorney

Dated: March 7, 2022

/s/ Mike Long
Mike Long
Counsel for Defendant
Clarence Courtney

Dated: March 7, 2022

/s/ Toni White
Toni White
Counsel for Defendant
Michael Renay Williams

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 8th day of March, 2022.

Troy L. Nunley
United States District Judge